HOBSON, Acting Chief Judge.
Appellant brought suit against appellees for fraudulent misrepresentation upon which he relied in entering into a lease for office space. The pertinent facts are that the appellee Morton Levine by his deposition admitted that he represented to appellant that he was getting 935 square feet of gross area. Appellant in his deposition testified that appellee Morton Levine represented to him that the suite he was negotiating to lease was 1,000 square feet and that Levine did not use the term gross square feet but that he was left with the impression that the suite had 1,000 square feet in it. He further testified that Levine stated the price as $5.75 per square foot.
The actual lease which was executed stated that the space leased was No. 180-183, inclusive, to be used and occupied by the lessee as office space. The lease further provided for an agreed total rental for a period of three years with escalating monthly rental payments. There was no mention in the lease as to square footage or rental per square foot.
Appellant in his deposition testified that some time subsequent to the execution of the lease he attempted to sublet two of the office spaces and that when he told Levine what he was asking for the sublease Levine told him that that was too high and they would not rent. He further testified that at that time he became suspicious because he thought what he was asking for the sublease was a fair price based upon what he was paying for total office space. He stated that at that time he measured the actual office space and that it only came to 635 square feet.
*308 There was attached to the lease a preliminary layout which was prepared by Levine which showed the layout of the interior of the office space as the appellant had requested the partitions to be placed to establish the separate offices he desired. This preliminary layout included the dimensions of the different offices. The dimensions of the outside consisting of one-half of the hallways and a lobby outside of the entrance to the office space were not shown on the preliminary layout.
Appellant testified that the preliminary layout was for the purpose of showing him how the interior was to be divided into offices and that he did not compute the measurements of the separate offices to determine the exact square footage of the inside office space.
The trial court entered a final summary judgment for the appellees after finding that the preliminary layout attached to the lease as a matter of law put appellant on notice to inquire further into the true amount of office space he was renting.
Under the facts as alleged above there was a genuine issue of a material fact and it was a question for the trier of facts to determine whether or not the appellant was put on sufficient notice to require him to investigate and determine the true square footage of office space that he was renting. Under these circumstances it was error to enter a summary final judgment for the appellees.
REVERSED and REMANDED.
GRIMES, J., concurs.
McNULTY, J., dissents.